

ENTERED
11/05/2019

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 19-31132 |
| | § | |
| Lisa Kay Minnifield, | § | CHAPTER 13 |
| | § | |
| DEBTORS, | § | |
| | § | |
| U.S. Bank Trust National Association as | § | |
| Trustee of the Igloo Series II Trust, | § | |
| its successors and/or assignees, | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| Lisa Kay Minnifield, and | § | |
| David G Peake, Trustee | § | |
| | § | |
| RESPONDENTS. | | |

## <u>NON-STANDARD AGREED ORDER CONDITIONALLY MODIFYING AUTOMATIC STAY AS TO 2903 LOGANBERRY PARK HOUSTON, TX 77014</u>

AGREED ORDER

On August 20, 2019, U.S. Bank Trust National Association as Trustee of the Igloo Series II Trust ("**Movant**"), filed a motion for relief from the automatic stay as to the real property located at *2903 Loganberry Park Lane, Houston, TX 77014* ("Property") in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it has been properly set for hearing on October 1, 2019.

Based upon the agreement of the parties as evidenced by their counsel's signatures affixed hereto, the Court finds that the Motion should be granted under the following terms:

IT IS ORDERED that beginning November 8, 2019 and continuing on the first (1st) day of each month thereafter, Debtor shall remit directly to Movant the regular mortgage payment pursuant to the Note and Deed of Trust referred to in the Motion. Said payments are delinquent after the fifteenth (15th) day of each month. All such payments shall be made directly to Movant at the following address:

> c/o SN Servicing Corporation
> 323 Fifth Street
> Eureka, CA 95501.

IT IS FURTHER ORDERED, that the total delinquent arrearages necessary to bring the loan post-petition current is $5,695.46 (the "Delinquent Arrears"), which represent five (5) monthly mortgage payments from April 1, 2019 through August 1, 2019 at $995.42 each and two (2) monthly mortgage payment for September 1, 2019 through October 1, 2019 at $843.68, plus attorneys fees and costs associated with filing the motion for relief of $1,031.00, less $2,000.00 paid by Debtor prior to entry of this order, shall be paid to Movant by Debtor making additional

monthly payments of $501.32 each, commencing November 15, 2019 and continuing for twelve

(12) consecutive months (last payment October 15, 2020) due on the fifteenth (15th) of each

consecutive month until the Delinquent Arrears are fully cured. The final payment due on

October 15, 2020 shall be $180.94 or the remaining balance due of the arrears. The arrears shall

be reduced by any refunds received for forced placed insurance. Said payments are delinquent

after the thirtieth (30th) day of each month. All such payments shall be made directly to Movant

at the following address:

> c/o SN Servicing Corporation
> 323 Fifth Street
> Eureka, CA 95501.

IT IS FURTHER ORDERED, that in the event Debtor fails to timely and properly

comply with the obligations hereinabove set forth, Movant shall serve written notice of default to

Debtor, and any attorney for Debtor.  If Debtor fails to cure the default, including any attorney's

fees incurred as a result of the breach, within fourteen (14) calendar days after mailing of such

written notice, on the eleventh (15th) day, Movant may file a certificate of default and/or notice

of termination and Order Terminating Automatic Stay to the Court. Movant shall be entitled to

charge a fee of $150.00 for any fourteen (14) day written notice required because of default.

IT IS FURTHER ORDERED, that notwithstanding anything contained in herein to the

contrary, the Debtor shall be entitled to a Maximum of Three (3) Notice of Default and

Opportunity to cure. Once the Debtor has defaulted three times on the obligations imposed by

this order and has been served with three Notice of Default, Movant is relieved of any obligation

to serve additional notices of default or to provide additional opportunities to cure. If an event of

default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a certificate of default and/or notice of termination and Order Terminating Automatic Stay to the Court, which the court may enter without further notice or hearing.

IT IS FURTHER ORDERED, The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge.  If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay.  The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination.  The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property.  Any co-debtor stay terminates at the time that the automatic stay terminates.

IT IS FURTHER ORDERED, that upon entry of such an Order Terminating Automatic Stay, the Automatic Stay shall be immediately terminated and extinguished as to Movant, its assignees and/or successors in interest, and Movant, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the Property pursuant to applicable state law, and thereafter commence any action necessary to obtain complete possession of the Property without further Court Order or proceeding being necessary. Property, is legally described as:

**LOT TWNETY-EIGHT (28), IN BLOCK THREE (3), OF VILLAS AT NORTHPARK SEC. 1, AN ADDITION ACCORDING TO THE MAP OR PLAT THEREOF FILED UNDER CLERK'S FILE NO. W-353614, RECORDED AT FILM CODE NO. 527238, OF MAP RECORDS OF HARRIS COUNTY, TEXAS.**

IT IS FURTHER ORDERED, that if Movant obtains relief from stay based on the Debtor's default under this order, the order terminating the automatic stay will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

IT IS FURTHER ORDERED, that if relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

IT IS FURTHER ORDERED, that Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

IT IS FURTHER ORDERED, that in the event this case is converted to a Chapter 7 proceeding before the Debtor has cured the arrears, or if the Debtor is not current on her mortgage payments, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtor.

IT IS FURTHER ORDERED, that this Order resolves the Movant's motion for relief from the automatic stay as to the real property located at *2903 Loganberry Park Lane, Houston, TX 77014* ("Property") in the above-referenced case (document number 37), which set for hearing on October 22, 2019, rendering the matter MOOT.

###END OF ORDER###

Signed:  November 05, 2019

Christopher Lopez
United States Bankruptcy Judge

5
AGREED ORDER

AGREED TO AND APPROVED BY:


By: /s/ Kristin A. Zilberstein

Kristin Zilberstein, Esq.
State Bar No.: 24104960
600 E. John Carpenter Fwy., Ste. 175
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com
**COUNSEL FOR MOVANT**

By:

Cristina Rodriguez, Esq.
State Bar No.: 24049980
3310 Katy Freeway, Suite 200
Houston, TX 77007
Ph: 713-686-222
Fax: 713-579-3059
legal@keelinglaw.com
**COUNSEL FOR DEBTOR**